NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000769
09-NOV-2018
09:27 AM

NO. CAAP-18-0000769

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED N. SPINNEY, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-17-0003264)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0003264, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). Defendant-Appellant Alfred N. Spinney (Spinney), pro se, appeals from the Honorable M. Kanani Laubach's September 20, 2018 interlocutory order requiring Spinney to appear in district court on October 8, 2018, for his arraignment and plea with respect to Plaintiff-Appellee State of Hawai'i's (the State) December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o

hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure.

In the instant appeal, the September 20, 2018 interlocutory order is not a final judgment, and, thus, it is not independently appealable under HRS § 641-12. Instead, the September 20, 2018 interlocutory order will be eligible for appellate review only by way of a timely appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment. Thus, we lack appellate jurisdiction over this appeal.[1]

---

[1]   For the purpose of assisting the district court in future similar circumstances, we note that it is unnecessary for the district court to continue the bench trial based on any of Spinney's jurisdictionally defective appeals. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000769 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, November 9, 2018.

Presiding Judge

Associate Judge

Associate Judge

3